IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY BABBITT, | ) | |
| | ) | |
| Petitioner, | ) | 8:05cv171 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOHN HUBBARD, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on filing no. 5, the respondent's motion to substitute John Hubbard, Interim Director of the Douglas County Correctional Center ("DCCC"), as the correct respondent in this action, and filing no. 6, the respondent's Motion to Dismiss or for Summary Judgment. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), the petitioner, Anthony Babbitt, alleges denial of due process in connection with a judgment of contempt rendered by a judge of the Douglas County District Court. The petitioner states that he is confined in the DCCC until the earlier of 120 days or payment of a $12,800 arrearage in child support. However, the petitioner states that he is unemployed and has no resources to pay the arrearage.

    Rule 2 of the *Rules Governing § 2254 Cases,* as amended effective Dec. 1, 2004 ("*§ 2255 Rules*"), states: "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In filing no. 5, the respondent has correctly moved to substitute the interim director of DCCC as the respondent in this case. Therefore, filing no. 5 is granted, and the Clerk of Court shall update the court's records accordingly.

    The respondent moves to dismiss the § 2254 petition because the plaintiff failed to name the correct respondent or to "join" Douglas County as a party. However, § 2254 petitioners often name an incorrect respondent. Such an error does not provide grounds for dismissal of a § 2254 petition. In fact, as in this case, such an error is usually cured by a motion to substitute the correct respondent.

    The respondent moves to dismiss the § 2254 petition on the additional ground that the petitioner has failed to allege exhaustion of state-court remedies. 28 U.S.C. § 2254(b)(1) states:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>(A) the applicant has exhausted the remedies available in the courts of the State; or
>
>(B)(i) there is an absence of available State corrective process; or
>
>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

While the respondent argues that the petitioner failed to comply with 28 U.S.C. § 2254(b)(1)(A), the respondent does not address whether 28 U.S.C. § 2254(b)(1)(B) applies. See generally Gray v. Netherland, 518 U.S. 152, 161-62 (1996):

>Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Because "[t]his requirement ... refers only to remedies still available at the time of the federal petition," ... it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," .... However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

(Citations omitted.)

Thus, dismissal of a petitioner's § 2254 claims on exhaustion grounds is not appropriate as to claims for which there is no currently "available State corrective process" to raise the issues. 28 U.S.C. § 2254(b)(1)(B)(i). If the petitioner's claims cannot currently be pursued in an appeal or in a motion for postconviction relief, dismissal on exhaustion grounds would be erroneous. In those circumstances, however, the respondent may argue that the claims are procedurally barred. If so, the petitioner must be afforded an opportunity to demonstrate cause and prejudice to excuse the procedural default.

Because the respondent does not rely on, or even mention, procedural default and because the respondent has failed to address whether the petitioner retains any available state-court remedies to exhaust, the respondent has failed to demonstrate the existence of an affirmative defense warranting dismissal of the § 2254 petition. Thus, the respondent's Motion to Dismiss or for Summary Judgment must be denied. As set forth below, the respondent shall answer the § 2254 petition in the manner required by Rule 5 of the *§ 2254 Rules*. Thereafter, the petitioner shall reply.

THEREFORE, IT IS ORDERED:

1. That filing no. 5, the respondent's motion to substitute John Hubbard, Interim Director of the Douglas County Correctional Center ("DCCC") as the correct respondent,

is granted, and the Clerk of Court shall update the court's records accordingly;

  2. That filing no. 6, the respondent's Motion to Dismiss or for Summary Judgment, is denied;

  3. That by May 30, 2005, the respondent shall answer the § 2254 petition in the manner required by Rule 5 of the *§ 2254 Rules*; and

  4. That by June 15, 2005, the petitioner shall reply.

DATED this 10th day of May, 2005.

         BY THE COURT:

         **s/ Joseph F. Bataillon**
         Chief District Judge