IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY BABBITT, | ) | |
| | ) | |
| Petitioner, | ) | 8:05cv171 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOHN HUBBARD, | ) | |
| | ) | |
| Respondent. | ) | |

  This matter is before the court on the respondent's Answer (filing no. 11) to the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Anthony Babbitt. The petitioner alleges violations of his civil rights in connection with a judgment in the District Court of Douglas County, Nebraska of contempt for failure to pay child support. The petitioner has been committed to the custody of the Douglas County Correctional Center ("DCCC") until the earlier of 120 days or payment of a $12,800 arrearage in child support.

  In his Answer, supported by the state-court records, the respondent correctly points out that the judgment at issue in this case is a coercive sanction. In other words, the petitioner's confinement lasts only so long as he fails to pay the ordered child support. Under Nebraska law, a coercive sanction of contempt is not a final appealable order. However, the order can be attacked collaterally by a petition for writ of habeas corpus. See, e.g., Smeal Fire Apparatus Co. v. Kreikemeier, 690 N.W.2d 175,180-81 (Neb. App. 2004); Michael B. v. Donna M., 652 N.W.2d 618, 629 (Neb. App. 2002); Maddux v. Maddux, 475 N.W.2d 524, 528 (Neb. 1991).

> When a coercive sanction is imposed, the contemnor holds the keys to his or her jail cell because the sentence is conditioned upon his continued noncompliance with the court's order .... An order imposing a coercive sanction in a civil contempt proceeding is always subject to modification by the contemnor's conduct and thus is not a final, appealable order ....Rather, a coercive sanction can only be attacked collaterally by habeas corpus.

Michael B. v. Donna M., 652 N.W.2d 618, 629 (Neb. App. 2002).

  28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). However, before filing a § 2254 petition in federal court, a habeas petitioner must first exhaust his available state-court remedies. 28 U.S.C. § 2254(b)(1) states:

>(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>>(A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>>(B)(i) there is an absence of available State corrective process; or
>>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(c) states: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Consequently, whether the petitioner has complied with 28 U.S.C. § 2254(b) and (c) must be decided before his § 2254 petition can be considered on the merits. If the petitioner remains able to pursue his claims in a state habeas corpus proceeding, then his claims are not exhausted, and his § 2254 petition must be dismissed, without prejudice. If, on the contrary, the petitioner has no currently available procedure under state law to raise his claims, then dismissal of his federal habeas petition on exhaustion grounds would be inappropriate. This is a matter on which the parties should be heard before any decision can be rendered on the issue of exhaustion or on the petitioner's § 2254 claims.

THEREFORE, IT IS ORDERED:

1. That by June 17, 2005, the petitioner shall show cause why his § 2254 petition should not be dismissed, without prejudice, because his claims may yet be exhausted in the Nebraska state courts; in other words, the petitioner shall address whether he retains the right under Nebraska law to raise, in a state habeas corpus proceeding, the claims presented in his § 2254 petition; and

2. That by July 1, 2005, the respondent shall file a brief addressing the same issue and responding to the petitioner's brief.

DATED this 31st day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

2